# A. E. ANDERSON, Respondent, v. S. J. TABOR COMPANY, Appellant.

(191 N. W. 778.)

**Principal and agent — agent held not entitled to receive profit on sale of tractor made by distributor after mutual cancelation of sales contract.**

In an action brought by plaintiff to recover profits on the sale of a certain tractor and certain money deposited with the defendant to indemnify the defendant, in certain conditions set forth in the opinion, plaintiff had judgment for such profit and the amount of money so deposited.

*Held,* for reasons stated in the opinion, that plaintiff was not entitled to receive profit on the sale of the tractor.

Opinion filed December 14, 1922.

Agency, 2 C. J. § 421 p. 756 n. 67.

An appeal from a judgment of the District Court of Cass County, and an order denying a motion for judgment, notwithstanding the verdict or in the alternative for a new trial, *A. T. Cole,* J.

Judgment modified and affirmed.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellant.

It is also true that where no exclusive territory is granted, the principal is not precluded from the right to make sales within the territory himself, or to appoint other agents within the same territory. King Powder Co. v. Dillon, 96 Pac. 439; Schroeder v. Fine, 131 N. Y. Supp. 575; J. I. Case Threshing Mach. Co. v. Wright Hardware Co. 130 S. W. 729; Hilliker v. Northwest Thresher Co. 122 N. W. 906; Roberts v. Minneapolis Threshing Mach. Co. 67 N. W. 607.

*W. J. Courtney,* for respondent.

GRACE, J. This is an appeal from a judgment of the district court of Cass county in favor of plaintiff for $457, and from an order denying defendant's motion to vacate the verdict and for judgment in defendant's favor, or for a new trial.

The facts necessary to be stated in the disposition of this case are in substance as follows: The defendant, during the time of the agreement hereinafter mentioned, was engaged in handling Allis-Chalmers, 18-30, Tractors. The method of conducting the business was substan-

tially as follows: It made sales agreements with those desiring to sell
tractors through it. In the sales agreement the net cost and selling
price of the tractors were stated. It made such agreement with plain-
tiff. The agreement is defined as a contract order or an agreement of
sale. Plaintiff ordered five tractors·at the list price of $1,885 each.
The tractors were manufactured at Milwaukee, or in any event were
to be shipped from there. The order provided that one tractor should
be shipped January 20th, 1920, and four on April 20th, 1920. One
tractor was shipped and settled for by the plaintiff. No controversy
arises here concerning it. The plaintiff had also endeavored to sell a
tractor to one, P. G. Duncan, who lived in the village of Sharon. He
was not successful in closing a deal with him. Thereafter the defendant
did sell Duncan a tractor and plow for $2,000. In this deal Duncan
paid the freight. Defendant set up the tractor for Duncan, on its
arrival at Sharon. Though plaintiff made no sale to Duncan, he
nevertheless claims a profit on the transaction, equal to what he would
have made had he sold it. Whether he is entitled to such profit is one
of the principal questions presented.

The agreement contained the following: "I agree to solicit and sell
machinery only in the territory as outlined as follows: Sharon, North
Dakota, and vicinity, also Aneta, North Dakota, and vicinity." "I
agree to thoroughly canvass for business and to do all in my power to
properly promote the trade and business of Allis-Chalmers Company,
and their best interests in my territory." "If I sell any of these ma-
chines outside the territory described above, you will deduct from my
bond an amount equal to my commission on the machine so sold. If
my bond be not sufficient I will pay you the shortage." "You reserve
the option of taking away from me any portion of the territory covered
by this contract provided in your opinion it is not being organized
properly by me."

The terms of settlement for the tractors were contained in a special
agreement made part of the general agreement. These stipulations,
together with others not necessary here to mention, were agreed to by
the plaintiff and the agreement signed. As above in substance stated,
one tractor was shipped to plaintiff, sold by him in his territory and
settled for. No question arises in this case concerning that tractor.

On March 16th, 1920, the plaintiff wrote the defendant the follow-

ing letter: "I want to remind you that you must not send in any trac-. tors until I send you an order. I have a man on that is going to buy .a tractor and plow.. He said that he had been in to see you and all the others, but that he had not decided which one to get, after being to Fargo three times to look them over. If you send a man by here be sure. to have him stop off. I wanted one follow up to-morrow only that .we are having a regular blizzard, therefore, will let it go.

"Yours very truly,

"A. E. Anderson."

The defendants in answer to this, wrote a letter dated March 17th, as follows: "We have your letter of the 16th and in compliance with your request, will not ship any more tractors to you unless on your written order.

"We are pleased to learn that you have a few good prospects, and are advising Mr. Bergan accordingly. He will arrange to call on you in the near future, and will be glad to assist you in the sales in sight.

"Trusting you will have a few good sales in sight for spring delivery, we remain,

"Yours very truly,

. "S. J. Tabor Company."

The plaintiff never ordered any more tractors.

We are quite clear that the plaintiff is entitled to no profit of the sale made by defendant to Duncan. In the first place, to all intents and purposes, he had canceled his order for the remaining tractors, and that cancelation was accepted by the defendant, and this very promptly as will be seen from the letters above set forth. The plaintiff sent in no more written orders and none were to be shipped, unless he did. This, in effect, releases him from his order for the tractors. Defendant does not seek to hold him liable on that order for the tractors he ordered, but which, at his request were not shipped. In these circumstances, we see no reason why the defendant did not have a perfect right to proceed to make any sales in the territory described in the agreement that were available. In addition to the reasons given why plaintiff may not re-cover the profit claimed, there may be added another: Allowing for t he reasonable cost of a plow, the tractor and plow were sold to Duncan

approximately at the factory price. No greater profit was made by the defendant in the transaction than if plaintiff had performed his contract. The contract is loosely drawn with reference to the definiteness of territory in which plaintiff had the right to sell, and in view of what already has been stated, it is unnecessary to give further attention to that matter.

However, as to plaintiff's rights to receive back the $200, which he deposited as a guaranty of his good faith in the performance of the contract, we reach the conclusion that plaintiff is entitled to receive back this sum. There is no charge that he has not acted in good faith and, as we have seen it, the contract was virtually canceled and the cancelation accepted. It then became the duty of the defendant to return the $200. We think there is no other question in this case that needs any further consideration. Those we have considered and determined dispose of the case. We are of the opinion, therefore, that plaintiff is entitled to recover nothing except the $200, and the judgment is modified accordingly; and as so modified is affirmed. Neither party is entitled to costs or disbursements on appeal.

BIRDZELL, Ch. J., and CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.